UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**Audrone Batavitchene,**           )
                                    )
      **Petitioner,**       )
                                    )
      v.                   )    **Civil Action No. 10-11854-DJC**
                                    )
**Harold W. Clarke,**               )
                                    )
      **Respondent.**       )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                           April 5, 2011

### I.    Introduction

Petitioner Audrone Batavitchene ("Batavitchene") filed a second writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 alleging defects in her arrest and conviction as well as obstruction of justice with respect to the dismissal of her initial habeas petition. Respondent Harold W. Clarke, Commissioner, Massachusetts Department of Correction ("Clarke") has moved to dismiss the Petition for failure to exhaust state remedies. For the reasons set forth below, Clarke's Motion to Dismiss is GRANTED.

### II.    Background

On September 15, 2009, Batavitchene filed her first petition for habeas corpus relief. <u>Batavitchene v. Clarke</u>, United States District Court for the District of Massachusetts, Civil Action No. 09-11533-JLT. This Court (Tauro, J.) dismissed that habeas petition on December 2, 2009 for failure to exhaust state remedies.

On October 22, 2010, Batavitchene filed this second petition, *pro se,* alleging that her underlying criminal case was manufactured by the Quincy Police Department and that the Assistant Attorney General handling the first habeas petition committed obstruction of justice and misled Magistrate Judge Robert B. Collings in his report and recommendation (to Judge Tauro) dismissing the first habeas corpus petition.[1] Clarke now moves to dismiss Batavitchene's habeas corpus petition.

## III. Discussion

Clarke argues that Batavitchene has not yet exhausted her state court remedies and, as a result, her petition should be dismissed. Before seeking a federal writ of habeas corpus, a prisoner must exhaust available state remedies, thus providing the state court with the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Josselyn v. Dennehy, 475 F.3d 1, 2-3 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal citations omitted)); Adelson v. DiPaola, 131 F.3d 259, 261-62 (1st Cir. 1997); 28 U.S.C.

---

[1] Batavitchene's allegations in this regard concern a docket entry, dated September 13, 2010, in the initial habeas matter. After the dismissal of her petition and the closing of that case, Batavitchene sent a letter to the court expressing concern that the appeal in her underlying state criminal case had not yet been docketed in the Massachusetts Appeals Court. In a September 13, 2010 docket entry, Magistrate Judge Collings noted that the Court could not provide the requested relief since the case was closed, but given that there had been an earlier representation that the compilation of the record on appeal was almost finished back in November 2009, the Assistant Attorney General "might wish to check on the matter [of the compilation of the record] with the Quincy District Court and advise the plaintiff and this Court of the current status of the appeal." This Court notes that the earlier representation to which Magistrate Judge Collings referred was a November 16, 2009 filing in which the Assistant Attorney General, relying on information from Batavitchene's attorney in the state criminal matter who had in turn spoken to a clerk in the Quincy District Court, had provided an update regarding the compilation of the record for appeal. This Court further notes that Clarke's memorandum of law in support of his motion to dismiss in this matter and the Appeals Court docket make clear that Batavitchene's appeal is now proceeding in the Appeals Court.

2

§ 2254 (b)(1)(A). That is, a petitioner must pursue and await the results of all available appeals in state court before she can file a petition for habeas corpus in federal court. See Josselyn, 475 F.3d at 2-3; Adelson, 131 F.3d at 263. The petitioner bears the burden of demonstrating that she "fairly and recognizably presented to the state courts the factual and legal bases of [her] federal claim." Adelson, 131 F.3d at 262 (citations omitted); see Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)).

Batavitchene's direct appeal, filed on November 22, 2010, is still pending before the Massachusetts Appeals Court and, based on this Court's review of the docket for that matter (as of March 29, 2011), the parties' briefing has yet to be completed as the Commonwealth's brief in that matter is not due until July 2011. Consequently, the Appeals Court has not yet had the opportunity to complete its review of Batavitchene's petition and her claims have not yet been presented to the Supreme Judicial Court, the state's highest court. Batavitchene's claims are, therefore, unexhausted. See Josselyn, 475 F.3d at 2-3.

Having concluded that Batavitchene has not exhausted her state remedies, the court must decide whether to dismiss the Petition without prejudice or to enter a stay. See Rhines v. Weber, 544 U.S. 269, 279 (2005). A stay is ordinarily considered because it is often unlikely that the petition, if dismissed without prejudice to permit exhaustion, could be brought again within the relevant limitations period. See id. at 275. In the instant case, although Batavitchene has not moved for a stay of the Petition while her state court appeal is pending, a stay would serve no useful purpose because direct review of the conviction is ongoing and, consequently, the limitations period has not yet begun to run. See 28 U.S.C. § 2244(d)(1)(A). Accordingly, the Petition is being dismissed without prejudice.

## IV.     Conclusion

For the foregoing reasons, Clarke's Motion to Dismiss is GRANTED.  This case is further DISMISSED without prejudice.

**So ordered.**

                                                                    /s/ Denise J. Casper
                                                                    United States District Judge