# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUDRONE BATAVITCHENE,<br>      Petitioner, | )<br>)<br>) |
| v. | )     Civil Action No. 10-11854-DJC |
| | ) |
| HAROLD W. CLARKE,<br>      Respondent. | )<br>) |

## MEMORANDUM AND ORDER

**CASPER, J.**

### I. Introduction

On October 22, 2010, Petitioner Audrone Batavitchene ("Batavitchene") filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging defects in her arrest and conviction, as well as obstruction of justice by Assistant Attorney General Kosmetatos with respect to alleged misstatements leading to the dismissal of her initial habeas petition.[1]

On April 5, 2011, this Court issued a Memorandum and Order (Docket No. 16) granting the Respondent's Motion to Dismiss, for failure of Batavitchene to exhaust her state remedies. The dismissal was without prejudice, noting that Batavitchene's direct appeal was pending before the Massachusetts Appeals Court, and therefore the time period for filing a § 2254 petition had not been triggered.

Thereafter, on August 15, 2011, Batavitchene filed a pleading in this action.[2] The pleading is not entirely coherent or organized. From what can be gleaned, Batavitchene seeks to

---

[1] See Batavitchene v. Clarke, Civil Action No. 09-11533-JLT (first § 2254 petition filed on September 15, 2009, dismissed for failure to exhaust all state remedies).

[2] The pleading was directed to Magistrate Judge Collings's attention.

file a <u>third</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She indicates that the Massachusetts Supreme Judicial Court dismissed her case, for the reasons set forth in the Attorney General's Memorandum of Law, but she contends that this Memorandum of Law never existed. Batavitchene also complains about the delay in the state appellate process, and about Judge James McGovern's ruling ordering her to remain in detention.[3] Further, Batavitchene contends that she was supposed to be released from custody on November 17, 2010, but remains incarcerated, for reasons unknown.[4]

Next, Batavitchene asserts that this Court is a friend of Attorney General Martha Coakley, and therefore was partial to her in dismissing this case. She also claims that she is innocent, and believes she was convicted because of a conspiracy by Attorney Rubin and his friend, along with Judge Moriarty, to forge documents and steal her bail money. She claims Judge Moriarty held secret hearings with Attorney Rubin regarding bail revocation, denying her the opportunity to participate. She then asks a number of questions of this Court with respect to the validity of her state proceedings, and seeks a determination by this Court with respect to Judge Moriarty's grounds for bail revocation.

---

[3] Attached to her pleading, Batavitchene includes a portion of the transcript in the case, <u>Commonwealth of Massachusetts v. Batavitchene</u>, Docket No. 0756cr7869, dated December 14, 2007. That transcript indicates that Judge McGovern rejected a request that she not be held in custody. Transcript, Exhibit 2 at lines 20-21. It appears this matter relates to pretrial bail matters rather than to her present incarceration pursuant to a criminal sentence.

[4] The Respondent's Memorandum in support of the Motion to Dismiss (Docket No. 10) indicates that on September 28, 2008, Batavitchene was convicted of intimidating a witness, assault and battery on a police officer, attempting to commit a crime, and resisting arrest. She was sentenced to 2.5 years in the House of Corrections for intimidating a witness, with credit for 117 days served; 2.5 years for assault and battery on a police officer; 1 year for attempting to commit a crime, to run concurrently with her sentence for assault and battery on a police officer; and 2.5 years for resisting arrest, to run concurrent with her sentence for intimidating a witness. <u>Id.</u> at 2.

Finally, Batavitchene contends that since she filed her second habeas petition, her appellate review appeared to be proceeding, as she was appointed counsel, Attorney Keekafka. Now, she claims that her attorney is "so silent" and is not performing any services for her, that she would like this Court to determine whether counsel is alive.[5] She also contests the late appearance by counsel for the Commonwealth of Massachusetts in connection with the appeal. She again asserts the undue delay in the appeals process. She again claims that she is innocent, and also contends that the police fabricated evidence against her. She seeks to obtain all the documentary evidence of the prosecutor, as well as grand jury minutes, and jury service certificates.

## II. Discussion

As an initial matter, Batavitchene's pleading is set forth in narrative form, and consists of 10 handwritten (and somewhat illegible) pages of grievances, but she does not caption her pleading. This Court will construe the August 15, 2011 pleading as a Motion for Miscellaneous Relief.

Boiling this motion down to its essence, Batavitchene's request for relief is three-fold. Her primary request is for habeas relief (release from custody), by challenging her conviction and her continued incarceration on the grounds that she is innocent of the crimes of which she

---

[5] While not entirely clear, it appears that counsel did not file the appellate brief by the April 1, 2011 deadline, but filed a motion for an extension of time for 100 days, in light of her busy schedule. Batavitchene asks this Court to determine whether this request for an extension is necessary and legal, and to determine whether or not Attorney Keekafka was appointed by the Court, or was "self-assigned." She also seeks to know whether the Clerk of Court's grant of the extension was justified, and whether it was valid because it was not signed by a judge. Additionally, Batavitchene asserts the appellate brief was not filed by the July 11, 2011 deadline, and orders issued from anonymous Clerk's Office staff.

was convicted, that the evidence against her was forged or fabricated, and that there was a conspiracy involving a lawyer and judge to revoke her bail and retain her bail money. Her secondary request is for this Court to interfere with the state appellate proceedings by rendering opinions with respect to scheduling matters and court procedures, and/or issuing orders rectifying the perceived defects in the state appellate process. Her tertiary request seeks discovery with respect to her underlying state conviction. Further, Batavitchene disputes the dismissal of this action, but does not seek reconsideration of the decision, *per se*. She does not deny that she had not exhausted her state remedies; rather, she alleges that this Court was partial to the Attorney General's Office because of a friendship.

This action was dismissed on April 5, 2011 (Docket No. 17) and the dismissal is final. Batavitchene failed to file a timely Motion for Reconsideration or an appeal of the dismissal and this Court declines to reconsider the dismissal of this action, which was based on failure to exhaust state remedies. Thus, any request for relief (in any form) contained in her Motion for Miscellaneous Relief is not timely. Moreover, as a substantive matter, there is nothing in Batavitchene's motion that warrants review of her claims because she has not demonstrated clearly that she has exhausted her state remedies. Indeed, her disputes concerning the state appellate process (for example, the extending of deadlines for the filing of an appellate brief) seem to indicate that she has not, in fact, exhausted all state avenues of review of her conviction and sentence. Thus, her requests for discovery in this closed action are <u>DENIED</u>.

Further, to the extent she seeks action by this Court with respect to her state appeal, this Court lacks jurisdiction to interfere in state court appellate proceedings or its procedures, and has

no authority to direct a state court or its staff to act in a certain manner.[6] Moreover, this Court declines to render advisory opinions as to whether or not appellate counsel was appointed, whether counsel for the Commonwealth may file a late appearance, whether an enlargement of time for filing briefs is necessary or legal, whether the Court or Clerk's grant of such request was proper, or any other questions of that ilk.

Next, to the extent that Batavitchene seeks to file her third § 2254 petition in this action, and to the extent she seeks immediate release from custody, the request is DENIED. Should Batavitchene seek to file a third habeas petition, she must file a separate civil action (along with a Civil Cover Sheet and Local Category Sheet) and pay the $5.00 filing fee or seek a waiver of the fee by filing a Motion for Leave to Proceed *in forma pauperis*.[7] In addition to these requirements, and in order to ensure that scarce judicial resources are not needlessly wasted in

---

[6]Section 1361 of Title 28 governs the original jurisdiction of the district court of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. This applies to federal officers, employees or agencies, but does not apply to state officials. See Barthell v. Pate, 2010 WL 5287759, *1 (M.D. Ga., 2010) ("[a]ctions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361") (citing Ferguson v. Ala. Criminal Justice Info. Ctr., 962 F. Supp. 1446, 1446 (M.D. Ala. 1997); Burnett v. Superior Court of Marin County, 573 F. Supp. 345 (N.D. Cal. 1983) (district court lacks jurisdiction to compel state court to perform its alleged duty). See also In re Jones, 28 Fed. Appx. 133, 135 (3d Cir. 2002) (denying petition for writ of mandamus prohibiting State of Delaware from filing charges against petitioner; "federal courts have no general power in a mandamus action to compel action, or in this case inaction, by state officials") (citing Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988)); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (denying petition for writ of mandamus filed under § 1651; federal court cannot control or interfere with state court litigation by way of mandamus).

[7]A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.

attempting to cull out and decipher Batavitchene's claims, this Court orders that any renewed § 2254 habeas petition must be set forth on the standard § 2254 form (AO 241).[8] Batavitchene must complete the form, including sufficient detailed information as to whether or not she has exhausted all of her state remedies (providing relevant dates, case numbers, and courts). Additionally, Batavitchene must set forth each of her grounds for habeas relief separately (rather than including her claims in a lengthy, unorganized narrative, as here), so that the Respondent may respond to each of the asserted claims in a meaningful fashion. The Clerk shall send Batavitchene the standard § 2254 form.

Finally, Batavitchene is advised this action remains closed, and no further filings in this case are warranted. Accordingly, she is <u>PROHIBITED</u> from filing in this case any renewed requests for relief from the District Court. Failure to comply with this directive may result in the imposition of sanctions.

## III. Conclusion

For the foregoing reasons, it is hereby Ordered that:

1. Petitioner's Motion for Miscellaneous Relief is <u>DENIED</u> in all respects (including any requests: (1) for relief from the dismissal of this action; (2) to file a third § 2254 habeas petition and to be released from custody; (3) for this Court's intervention into state appellate proceedings; and (4) for discovery of evidence in her state criminal case);

2. Should Petitioner seek to file a third § 2254 petition, she must file a new civil action using the Court's standard § 2254 form, complete with information regarding exhaustion of state remedies, and setting forth separately each ground for habeas relief. Additionally, any new petition shall be accompanied by the $5.00 filing fee or a Motion

---

[8]Ordinarily, this Court provides the § 2254 template for convenience of habeas petitioners but does not require a petitioner to use this particular form. Here, however, the Court finds the directive to use this form is necessary in order to manage the Court's docket and to focus Batavitchene's attention on the relevant information necessary to consider the merits of any habeas claims.

for Leave to Proceed *in forma pauperis* along with Petitioner's certified prison account statement; and

3. Petitioner is <u>PROHIBITED</u> from filing any further pleadings seeking relief from the District Court in this closed action.


SO ORDERED.


                                    <u>/s/ Denise J. Casper</u>
                                    DENISE J. CASPER
                                    UNITED STATES DISTRICT JUDGE

DATED: August 29, 2011